JON M. SANDS
Federal Public Defender
MICHAEL S. RYAN #018139
Assistant Federal Public Defender
250 North 7th Avenue, Suite 600
Phoenix, Arizona 85007
(602) 382-2700 voice
michael_ryan@fd.org@fd.org
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

NORTHEN DISTRICT OF OKLAHOMA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Jacklyn Paige Roberts,<br>Defendant | No. CR-24-342-SEH<br>**Defendant's Request for a Variance** |

Ms. Roberts' executive function is likely impaired by the years of neglect and abuse she suffered at the hands of her mother, grandmother, and other family members and "caregivers." Imagine trusting no one as a child. Imagine fearing adults even your own mother as a child. Ms. Roberts scores an eight on the Adverse Childhood Experiences survey. "Toxic stress from ACEs can change brain development and affect how the body responds to stress. ACEs are linked to chronic health problems, mental illness, and substance misuse in adulthood."[1]

Later, the men in her life exploited her vulnerabilities to manipulate her. Ms. Roberts so craved love she endured yet more abuse by these men under a mistake belief that that could win them over. Sadly, she wound up neglecting her own child. More of Ms. Roberts' history is set forth in the Mitigation Report by Dawn Jury provided under separate cover. Ms. Roberts remains untreated.

[1] https://www.cdc.gov/vitalsigns/aces/index.html

Ms. Roberts pleaded guilty to Count 4 of the indictment charging her with Child Neglect under 18 U.S.C.§§ 1151, 1153, Okla. Stat. tit. 21 § 843.5(C). Ms. Roberts admitted that she failed to protect her child, who was between 10 and 12 years old, from the sexual abuse by the co-defendant Jesse Lane Mitchell, Ms. Roberts' romantic partner at the time.

In *United States v. Clark*, 981 F. 3d 1154 (10th Cir. 2020), the Tenth Circuit held that there was no sufficiently analogous Sentencing Guidelines provision that applied to Child Neglect under that Oklahoma Statute. Neither the manslaughter nor the assault Guideline was sufficiently analogous because they each require an affirmative act and an injury. Child neglect does not require either. *Clark* at 1165-1167. In searching for an analogous guideline, Courts compare the elements of the crimes without recourse to comparing the underlying facts of the cases. *United States v. Smith*, 178 F.4th 572, 580 (10th Cir. 2026) (quoting *Clark* at 1162, *supra*).

Where there is no analogous guideline, however, the provisions of 18 U.S.C. § 3553 "control," and "guidelines and policy statements that can be applied meaningfully in the absence of a Chapter 2 offense guideline shall remain applicable." *Clark* at 1160. "In the absence of an applicable sentencing guideline . . . the court shall also have due regard for the relationship of the sentence imposed to sentences prescribed by guidelines applicable to similar offenses . . ." 18 U.S.C. § 3553(b).

Here the Guideline for Criminal Sexual Abuse of a Minor Under the Age of Sixteen (Statutory Rape) or Attempt to Commit Such Acts, U.S.S.G. § 2A3.2, is the most similar Guideline covering Ms. Roberts' offense. This guideline covers "any sexual activity for which a person can be charged with a criminal offense." App.Nt. 1. Obviously, engaging in sexual activity with a person under 16 could subject a person to a criminal charge. For example, Okla. Stat. tit. 21 § 1123 prohibits the sexual battery of a person under 16 years old.

The base offense level is 18, four levels are added because the victim was under the custody of Ms. Roberts, 2A3.2(b)(1) for total offense level of 22. Subtracting 3 for acceptance of responsibility under 3E1.1(b) results in a total adjusted offense level of 19 for a range of 30 to 37 months at criminal history category I.

Ms. Roberts has been in this Court's custody on a writ of habeas corpus ad prosequendum since November 1, 2024. She has thus been in custody for 22 months (and 2 days) or 1 year 10 months and 2 days as of September 3, 2026. Under 18 U.S.C. § 3553(a) this Court could vary downward to account for this time. Under 3553(a), this Court may weigh the need for treatment among other sentencing factors in arriving at an appropriate sentence. Ms. Roberts has received no treatment (or even a diagnosis) for either her likely mental health issues and neurological impairments she developed over the years of abuse she suffered. Had she been treated we may not be here. If the Court were to grant a downward variance to account for this 22 months she has spent custody, the range under U.S.S.G. § 2A3.2 would be 8 to 15 more months.

Respectfully submitted: August 24, 2026.

JON M. SANDS
Federal Public Defender

*s/Michael S. Ryan*
Michael S. Ryan
Assistant Federal Public Defender